UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HEATHER G.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-05817-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff seeks judicial review under 42 U.S.C. § 405(g) of the Administrative Law Judge's ("ALJ") decision affirming defendant's denial of her application for benefits. Dkts. 4, 17.

Plaintiff asserts two issues. First, she asserts a claim under the Administrative Procedure Act ("APA"), arguing Social Security Ruling ("SSR") 24-3p is contrary to law and promulgated in excess of Agency authority. *E.g.*, Dkt. 17 at 3. Second, she argues the ALJ failed to properly evaluate the medical opinions of two state agency consultants, Dr. Renee E. and Dr. Lisa H. *E.g.*, Dkt. 17 at 14, 16.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 2. For the reasons below, the Court **REVERSES** and **REMANDS** the ALJ's decision for further administrative proceedings. The Court declines to address plaintiff's challenge to SSR 24-3p on jurisdictional grounds. Even so, the ALJ erred when evaluating the medical opinions of Dr. Renee E. and Dr. Lisa H., necessitating a remand.

## I. BACKGROUND

Plaintiff applied for disability benefits, ultimately asserting an amended onset date of December 19, 2023. AR 56. Defendant denied plaintiff's application initially and on reconsideration. AR 97-98, 119-20. Plaintiff appealed to an ALJ who held a hearing on April 17, 2025, and issued an unfavorable decision on April 24, 2025. AR 14, 52. The Appeals Council then denied review on July 23, 2025. AR 1.

The ALJ resolved the required five-step analysis as follows.

For the first step, the ALJ found plaintiff had not engaged in substantial gainful activity since December 19, 2023, the asserted amended onset date. AR 20.

For the second step, the ALJ found plaintiff had the following severe impairments: "right shoulder arthritis status post surgery; asthma; obstructive sleep apnea; obesity; migraines, a bipolar disorder; and anxiety. . ." AR 20.

For the third step, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of listed impairments. AR 21.

For the fourth step, the ALJ formulated plaintiff's RFC, finding in relevant part that she "can carry out simple and detailed instructions that can be learned in 30 days or less and can have occasional interaction with the general public, coworkers and supervisors." AR 24.

When formulating plaintiff's RFC, the ALJ considered medical evidence, including the opinions of two state agency consultants, Dr. Renee E. and Dr. Lisa H. AR 28-29. As discussed below, both experts opined on plaintiff's ability to follow instructions and interact with others. The ALJ found these opinions were "generally persuasive because they are mostly consistent with the record and supported by the evidence." AR 29.

For the fifth step, while the ALJ found plaintiff was unable to perform any past relevant work, she could still perform certain jobs that exist in significant numbers in the national economy. AR 30-31.

## II. DISCUSSION

### A. SSR 24-3p

Plaintiff challenges SSR 24-3p as being contrary to law and promulgated in excess of Agency authority. *E.g.*, Dkt. 17 at 3. For the reasons below, the Court declines to consider plaintiff's challenge on jurisdictional grounds.

SSR 24-3p superseded SR 00-4p, primarily expanding the permissible sources a vocational expert ("VE") could use beyond the traditionally used Dictionary of Occupational Titles. *See Benjamin C. v. Bisignano*, No. 1:25-cv-01341-RLH, 2026 WL 1682580, at *3 (C.D. Ill. Jun. 10, 2026), *aff'd on reconsideration*, 2026 WL 2111719 (Jul. 22, 2026).

Plaintiff however focuses on SSR 24-3p's statement that "'[a]t the hearing level, when the claimant is represented, we expect the representative to raise any relevant questions or challenges about the VE's testimony at the time of the hearing . . .'" Dkt. 17 at 4 (quoting SSR 24-3p).

Plaintiff argues this language requires the claimant's representative to raise challenges to VE's testimony at the ALJ's hearing, or else the challenge is forfeited. *E.g.*, Dkt. 17 at 6. Plaintiff frames this requirement as a significant shift in Social Security litigation, arguing a claimant's representative could previously check a VE's testimony post-hearing and raise any challenges thereafter or on appeal. *E.g.*, Dkt. 17 at 5, 11. Plaintiff concludes that as SSR 24-3p essentially creates a 'whole new framework,' it is properly construed as a 'substantive rule,' and thus should have been

subject to the APA's notice-and-comment requirements for new rules. *E.g.*, Dkt. 17 at 11, 13-14. Conversely, plaintiff asserts defendant improperly construes SSR 24-3p as merely explaining existing law as an 'interpretive rule,' which would be exempt from the APA's notice-and-comment requirements. *E.g.* Dkt. 17 at 7, 9, 11, 13.

As a preliminary note, it appears plaintiff's counsel brought very similar challenges to SSR 24-3p in at least two other District Courts. *See, e.g., Benjamin C.*, 2026 WL 1682580; *see also Lisa W. v. Bisignano*, No. 8:25-cv-02804-JMC, 2026 WL 2024675 (D. Md. Jul. 14, 2026).

Both challenges were unsuccessful. The Court in *Benjamin C.* refused to consider a challenge to SSR 24-3p on jurisdictional grounds. The *Benjamin C.* Court reasoned plaintiff failed to "anchor his challenge to the facts of this case," and thus failed Article III's 'case or controversy' requirement, lacked standing, and failed the APA's 'injury in fact' requirement, among other reasons. 2026 WL 1682580, at *3-*5. The Court in *Lisa W.* 2026 WL 2024675, at *5, adopted the reasoning from *Benjamin C.*

As pointed out by defendant, plaintiff's opening brief presents no direct or substantive challenge regarding the VE's actual testimony, and instead focuses on the ALJ's evaluation of medical opinion evidence. *E.g.*, Dkt. 17 at 14 (emphasis added) (seeking "*judicial input*" on SSR 24-3p, and arguing it replacing SSR 00-4p "*potentially* alter[ed]" the VE's answers to the ALJ's hypotheticals); Dkt. 21 at 7. The generalized responses in plaintiff's reply brief confirm her failure to connect her SSR 24-3p challenge to the facts.[1] *See, e.g.*, Dkt. 22 at 2-4 (citing Dkt. 17 at 14) (asserting that the "ALJ questioned the VE under SSR 24-3p" which "impact[ed] . . . the representative's

[1] Regardless, claims asserted for the first time in a reply brief are improper. *See Anderson v. Colvin*, 223 F. Supp. 3d 1108, 1131 (D. Or. 2016).

ability to meaningfully engage in questioning the [VE]" and "will hinder any claimant."). Plaintiff's arguments align considerably with those presented by her counsel and rejected in *Benjamin C.*, 2026 WL 1682580, and *Lisa W.*, 2026 WL 2024675.

The Court agrees with the reasoning from *Benjamin C.* as the plaintiff here similarly "makes no showing that the result would be any different if the Court orders the ALJ to ignore SSR 24–3p on remand" as she "failed to demonstrate a causal connection between the adoption of SSR 24–3p and the denial of [her] application." 2026 WL 1682580, at *4-*5.

First, plaintiff fails to satisfy Article III's case or controversy requirement. Judicial power under Article III "depends on the existence of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). This Court's judgments "must resolve 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). As described above, that is the sort of relief plaintiff seeks here. *See Benjamin C.*, 2026 WL 1682580, at *4.

Second, plaintiff lacks standing. To establish standing, plaintiff must show she (1) "has suffered or likely will suffer an injury in fact," (2) "the injury likely was caused or will be caused by the defendant," and (3) "the injury likely would be redressed by the requested judicial relief." *Food & Drug Admin. v. All. For Hippocratic Med.*, 602 U.S. 367, 380 (2024). Plaintiff may meet the first requirement, as she arguably suffered a generalized injury when defendant denied her application. Regardless, plaintiff still fails to show a likelihood, as opposed to a speculative possibility, that her alleged injury from

SSR 24-3p could be redressed by this Court. *See Benjamin C.*, 2026 WL 1682580, at *5.

And finally, the APA does not appear to authorize plaintiff's challenge. The APA authorizes suits by "[a] person suffering legal wrong because of agency action" or by a person "adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Stated otherwise, a litigant must show she "'is injured in fact by agency action'" and "cannot bring an APA claim unless and until she suffers an injury." *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 807-08 (2024) (quoting *Dir., Off. of Workers' Comp. Programs v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 127 (1995)). Again, plaintiff's speculative and generalized claim fails to show she suffered a specific injury in fact owing to SSR 24-3p, and thus fails to meet this requirement.

Accordingly, the Court declines to consider plaintiff's challenge to SSR 24-3p.

**B. RFC**

Plaintiff next argues "the ALJ wholly failed to provide any explanation as to why he did not include the limitation to less than occasional contact with the public opined at both the initial and reconsideration levels or the limitation to short and simple instructions opined at the initial level." Dkt. 17 at 15 (citing AR 24, 28-29).

Plaintiff refers to two state agency consultants, including Dr. Reene E. who opined at the initial level, and Dr. Lisa H. who opined on reconsideration. Dkt. 17 at 16 (citing AR 99, 109, 121, 130).

The "ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). "In doing so, the ALJ need not adopt any opinion verbatim and may translate

clinical findings into work-related limitations.” *Bryant L. v. Brisignano*, No. 5:25-cv-01671-SB-KES, 2026 WL 2201144, at *1 (C.D. Cal. Jul. 29, 2026) (citing *Rounds*, 807 F.3d at 1006).

An ALJ must base their RFC finding on “all of the relevant medical and other evidence.” 20 C.F.R. § 404.1545(a)(3). “‘If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.’” *John S. v. Saul*, No. 5:19-cv-01561-MAA, 2020 WL 5880462, at *2 (C.D. Cal. Oct. 2, 2020) (quoting SSR 96-8P). The “ALJ must provide enough reasoning to permit meaningful review of whether the RFC and the evaluation of the medical evidence are supported by substantial evidence.” *Bryant L.*, 2026 WL 2201144, at *1 (citing *Treichler v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)).

In August 2024, Dr. Reene E. provided two reports for plaintiff’s DI and DIB claims at the initial level, but each appears largely identical concerning plaintiff’s ability to follow instructions and interact with others. AR 99, 109.

Dr. Reene E. concluded plaintiff is “is capable of understanding carrying out and remembering short, simple instructions on a regular basis in a competitive work environment.” AR 102, 112. She found a moderate limitation for the “ability to carry out detailed instructions” and no significant limitation for the ”ability to carry out very short and simple instructions.” AR 106, 116.

Dr. Reene E. also concluded plaintiff “requires a work setting w/very little to no public contact and occasional contact w/coworkers.” AR 102, 112. She found a moderate limitation for both the ability to “[i]nteract with others” and to interact with the “general public.” AR 103, 107, 113, 117. However, she found plaintiff was not significantly limited in interactions with supervisors or coworkers/peers. AR 107, 117.

In sum, Dr. Renne E. found “Clmt is limited to SRT[2] w/little to no public contact.” AR 102, 112.

In October 2024, Dr. Lisa H. also provided two reports for plaintiff’s DI and DIB claims at the reconsideration level. AR 121, 130. Dr. Lisa H. found plaintiff was “not significantly limited” in her ability to “carry out detailed instructions.” AR 127, 136. Otherwise, Dr. Lisa H’s assessed limitation ratings were the same as those provided by Dr. Reene E. *E.g.*, AR 127-28, 136-37 (finding also “Clmt requires a setting w/very little to no public contact and occasional contact w/coworkers.”).

In considering Dr. Reene E. and Dr. Lisa H., the ALJ found “the State agency mental consultants, initially and upon consideration, are generally persuasive because they are mostly consistent with the record and supported by the evidence.” AR 28-29. The ALJ, beyond recounting each expert’s findings, did not specifically elaborate on the persuasiveness of either experts’ individual findings. AR 28-29.

The ALJ’s RFC determination then found in pertinent part that plaintiff “can carry out simple and detailed instructions that can be learned in 30 days or less and plaintiff can have occasional interaction with the general public, coworkers and supervisors.” AR 24.

Turning to the merits, the Court first considers the ALJ’s RFC finding that plaintiff could perform “simple and detailed instructions . . .” AR 24. The ALJ failed to explain the apparent decision to follow the opinion of Dr. Lisa H., who found plaintiff was not significantly limited in carrying out detailed instructions (AR 127, 136), as opposed to Dr.

---

[2] This acronym appears to stand for “simple repetitive tasks.” *See Sue L. v. Berryhill*, No. 2:17-cv-04728-KES, 2018 WL 3753002, at *4 (C.D. Cal. Aug. 6, 2018).

Reese E.'s opinion, who found plaintiff was moderately limited in the same category (AR 106, 116).

Defendant's comparison to *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) is inapposite. Dkt. 21 at 17. Defendant presents *Stubbs-Danielson* as an analogous example of an ALJ properly incorporating two "consistent" medical opinions but "adopt[ing] the more succinct assessment prepared by the second doctor." Dkt. 21 at 17.

In *Stubbs-Danielson* however, both expert opinions were consistent in that they supported the plaintiff's ability to perform only simple tasks. *Stubbs-Danielson*, 539 F.3d at 1173-74. Here, both experts expressly distinguished "simple" versus "detailed" instructions, and presented materially different opinions on plaintiff's limitations when performing detailed tasks. AR 102, 112, 127, 136; *see also Meissl v. Barnhart*, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005) (distinguishing "short and simple instructions" versus "detailed" instructions).

As for the ALJ's RFC finding that plaintiff "can have occasional interaction with the general public, coworkers and supervisors," (AR 24) the ALJ failed to explain the decision to omit both experts' opinions that plaintiff requires "very little to no" contact with the public, versus "occasional" contact with her co-workers or supervisors. AR 102, 107, 112, 117, 128, 137.

Defendant argues the ALJ's usage of "occasional" encompasses both experts' opinions as to public and co-workers. Dkt. 21 at 17-18. It appears that "[g]enerally, courts have concluded limiting a claimant to *occasional* social interactions adequately encompasses moderate limitations with respect to social functioning." *Ishtarai P. v. O'Malley*, No. 5:23-cv-00640-MAA, 2024 WL 6895981, at *4 (C.D. Cal. Feb. 23, 2024)

(collecting cases). "And, at least in the context of physical exertion, both the Dictionary of Occupational Titles and a Social Security Ruling have defined 'occasionally' to mean 'from very little up to one-third of the time.'" *Leach v. Kijakazi*, 70 F.4th 1251, 1258 (9th Cir. Jun. 15, 2023) (quoting SSR 96-9p, 1996 WL 374185, at *8 (July 2, 1996)).

However, the term "occasional" is not a term with a static meaning untethered to the record across every Social Security matter. *See, e.g., Robert H. v. O'Malley*, No. 2:23-cv-01855-SSC, 2024 WL 7128120, at *4 (C.D. Cal. Mar. 21, 2024) (noting the *Leach* Court "was not extending this specialized definition from the physical exertion realm to every use of the term 'occasional' in a social security context . . .").

On the specific record of this case, both experts expressly used contrasting terms, i.e. "very little to no public contact" versus "occasional contact w/coworkers." AR 107, 117, 128, 137. Had both experts intended to find "occasional" exposure to both the public and co-workers was within plaintiff's limits, they likely would have said so. *See Otto v. Astrue*, No. EDCV 11–1925–JEM, 2012 WL 3150827, at *5 (C.D. Cal. Aug. 2, 2012).

The ALJ, who generally addressed the persuasiveness of state agency consultants collectively, not individually, failed to explain either of these apparent differences between the expert opinions. AR 28-29. This, despite finding both experts "generally persuasive." AR 28-29.

This was harmful error, because if the ALJ had properly evaluated the experts' opinion evidence, the RFC may have included more limitations regarding ability to follow detailed instructions, and more limitations concerning contact with the public. *See Stacy A. B. v. O'Malley*, No. SACV 23-0920 AGR, 2024 WL 3221728, at *2 (finding the "ALJ's

decision gives no reason for any rejection," and "declin[ing] to speculate as to whether the omission was an oversight or deliberate.").[3]

## III. CONCLUSION

For the reasons above, the Court **REVERSES** and **REMANDS** this matter for further administrative proceedings. On remand, the ALJ shall reevaluate the medical opinions of Dr. Reene E. and Dr. Lisa H.

Dated this 21st day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge

[3] To the extent plaintiff assumes this error would provide a factual basis for her generalized challenge to SSR 24-3p, this error concerns the ALJ's evaluation of the medical evidence and RFC, not the vocational expert's testimony or their sources used at the hearing itself. *See* SSR 24-3p ("[a]t the hearing level, when the claimant is represented, we expect the representative to raise any relevant questions or challenges about the VE's testimony . . .").